IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS ANDREW HAYES, JR.,     *

    Petitioner,     *

v.     *     Civil Action No. GLR-19-3276

WARDEN, et al.,     *

    Respondents.     *
                                    ***

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Thomas Andrew Hayes' Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 challenging his conviction for armed robbery and related offenses. (Petition, ECF No. 1). After reviewing the submitted materials, the Court finds that no hearing is necessary. See Local Rule 105.6 (D.Md. 2018); R. 8 Govern. Section 2254; see Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000). For the reasons set forth below, the Petition will be dismissed and the Court will decline to issue a certificate of appealability.

### **I.     BACKGROUND**

On August 29, 2013, at the conclusion of a two-day jury trial, Thomas Andrew Hayes, Jr. was found guilty of armed robbery, first-degree assault, theft, and the use of a firearm in the commission of a crime of violence. (See Resp't's Answer Pet. Writ Habeas Corpus ["Answer"] Ex. 1 ["State Record"] at 77, ECF No. 8-1). On November 6, 2013, Hayes was sentenced to twenty years of incarceration for the armed robbery; twenty years of incarceration for first-degree assault, to run concurrently with the sentence for armed

robbery; and twenty years of incarceration for the use of a firearm in the commission of a crime of violence, also to run concurrently with the sentence for armed robbery. (Nov. 6, 2013 Hrg. Tr. at 21:15–22:12, ECF No. 8-4). The theft charge merged with the other three counts for sentencing purposes. (Id. at 22:7–9).

On direct appeal, Hayes presented two questions to the Maryland Court of Special Appeals: (1) whether the trial court erred in directing Hayes to display his tattoo to the jury; and (2) whether, for the purpose of sentencing, the first-degree-assault conviction should have merged into the armed-robbery conviction. (State Record at 37). On August 21, 2014, the Court of Special Appeals affirmed the trial court's evidentiary ruling and vacated the assault conviction, finding that it merged with the conviction for robbery with a dangerous and deadly weapon. (State Record 74–76). The court issued a mandate reflecting its ruling on September 22, 2014. (Id. at 74). Hayes did not seek certiorari review from the Maryland Court of Appeals. (Pet. at 2).

On April 27, 2017, Hayes filed a Petition for State Post Conviction Relief in the Circuit Court for Baltimore County. (State Record at 82–91). After a hearing, the court denied the petition in its entirety on November 6, 2017. (Id. at 92–101). On October 22, 2019, Hayes filed an Application for Leave to Appeal the Denial of Post-Conviction Relief, which the Court of Special Appeals dismissed as untimely. (Id. at 102–10). Hayes did not seek further review of the dismissal.

Hayes' filed his federal habeas Petition on November 5, 2019.[1] On February 6, 2020, Respondents filed an Answer. (ECF No. 8). Hayes filed a Reply on February 14, 2020. (ECF No. 10).

## II. DISCUSSION

### A. <u>Statute of Limitations</u>

Respondents argue that Hayes' Petition is untimely because it was filed outside the applicable one-year statute of limitations. The Court agrees.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. <u>See</u> 28 U.S.C. § 2244(d)(1); <u>Wall v. Kholi</u>, 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Although the Court did not docket Hayes' Petition until November 13, 2019, it is deemed filed as of the date he signed it. (Pet. at 6, 7). <u>See</u> R. 3(d) Govern. Section 2254.

3

28 U.S.C. §2244(d)(1). The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, see id. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date, see id. § 2244(d)(1)(B)–(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

The one-year period is tolled statutorily while properly filed post-conviction proceedings or other collateral review are pending and may otherwise be equitably tolled. See id. § 2244(d)(2); see also Wall, 562 U.S. at 549; Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only where there are "extraordinary circumstances." Holland v. Florida, 560 U.S. 631, 634 (2010). Thus, to be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party[.]" Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris, 209 F.3d at 330). Additionally, a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

4

his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Court of Special Appeals entered a mandate affirming Hayes' conviction on September 22, 2014. (State Record at 76). His conviction became final fifteen days later, upon the deadline to petition the Maryland Court of Appeals for certiorari. See Md. Rule 8-302(a) (providing a petition for writ of certiorari may be filed no later than fifteen days after the issuance of the mandate). The one-year statute of limitations began running on the date his conviction became final. Thus, the limitations period expired on October 7, 2015. Because Hayes' Petition was not filed until November 5, 2019, it is plainly time-barred under § 2254 unless equitable tolling applies.

Hayes asserts as a basis for equitable tolling that he has "mental health issues with diminished capacity" and seems to assert that he was unable to follow up with an attorney. (Pet. at 5). Several circuits have recognized the possibility that mental incompetency may support equitable tolling. See, e.g., Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001); Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Calderon v. U.S. Dist. Ct. for the Cent. Dist., 163 F.3d 530, 541 (9th Cir. 1998), cert. denied, 526 U.S. 1060 (1999). However, equitable tolling premised on a petitioner's mental condition is applied only in cases of profound mental incapacity. United States v. Sosa, 364 F.3d 507, 513 (2004). As such, Hayes' general assertion of mental health issues is insufficient to warrant equitable tolling. Hayes provides no evidence he has been found mentally incompetent or that he suffers from a mental health condition that precluded him from

5

filing his Petition on time. Having failed to demonstrate that he was prevented from filing his federal habeas petition due to extraordinary circumstances beyond his control, Hayes does not satisfy the standard for equitably tolling the limitations period.

B.  **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Hayes must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, the petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Hayes has not made the requisite showing, the Court declines to issue a certificate of appealability. Instead, Hayes may request a certificate from the United States Court of Appeals for the Fourth Circuit. See Fed.R.App.P. 22(b); Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III. CONCLUSION

For the foregoing reasons, Hayes' Petition for Writ of Habeas Corpus is DISMISSED as time-barred under 28 U.S.C. § 2244(d). A certificate of appealability shall not issue. A separate Order follows.

Entered this 13th day of March, 2020.

_____/s/_____
George L. Russell, III
United States District Judge